UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

REGIONS BANK, an Alabama bank           )
                                        )
        Plaintiff,                      )
                                        )   Case No.
v.                                      )
                                        )
THE FAUSZ GROUP CO.,                    )
        A Missouri Corporation          )
  Serve:                                )
        Barbara Behrens, Registered Agent )
        75 W. Lockwood Ave. Ste. 222    )
        Webster Groves, MO   63119      )
                                        )
ARAY, INC., an Illinois Corporation doing business)
        in Missouri as ARay Properties, Inc.,    )
  Serve:                                )
        Barbara Behrens, Registered Agent )
        75 W. Lockwood Ave. Ste. 222    )
        Webster Groves, MO   63119      )
                                        )
                Defendants              )

**COMPLAINT ON PROMISSORY NOTES AND FOR RECEIVERSHIP**

COMES NOW Plaintiff, Regions Bank, and for its Complaint against Defendants states as follows:

JURISDICTION AND VENUE

1.      Plaintiff, Regions Bank, is an Alabama bank with its principal office in Birmingham, Alabama.

2.      Defendant, The Fausz Group Co., is a Missouri corporation. Its principal office lies in Bloomsdale, Ste. Genevieve County, Missouri. It does business in Missouri; and the office of its registered agent lies in St. Louis County, Missouri.

1

3. Defendant, ARay, Inc., is an Illinois corporation that is registered to do business in Missouri under the name, ARay Properties, Inc. ARay, Inc. does business in Missouri. The office of its registered agent lies in St. Louis County, Missouri.

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332, as it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00.

5. Venue is proper in this District, in that Defendants are deemed to reside in St. Louis County, Missouri, where they maintain their registered agents. Mo. Rev. Stat. §351.375.2 ("The location or residence of any corporation shall be deemed for all purposes to be in the county where its registered office is maintained").

GENERAL AVERMENTS

6. On or about February 9, 2015, Defendants, as co-borrowers, signed and delivered to Plaintiff in St. Louis, Missouri, a certain Note ("First Note") payable in the original amount of Two Million Six Hundred Thirty-Eight Thousand Six Hundred Dollars ($2,638,600.00).

7. A true and correct copy of the First Note is marked as Exhibit 1 and is incorporated herein by reference.

8. On or about February 9, 2015, Defendants signed and delivered to Plaintiff a Commercial Security Agreement ("First Security Agreement"), in which they granted a security interest in collateral named therein to Plaintiff.

9. A true and correct copy of the First Security Agreement is marked as Exhibit 2 and is incorporated herein by reference.

10. On or about February 9, 2015, Defendant, ARay, Inc., signed and delivered to Plaintiff its Deed of Trust granting a lien in and to commercial real property at 8011 Enterprise Road, Bloomsdale, Ste. Genevieve County, Missouri, more particularly described as follows:

> Part of U.S. Survey No. 3079, Township 38 North, Range 7 East of the Fifth Principal Meridian and being part of a tract of land conveyed to Raymond J. Basler by deed recorded in Book 114, Page 554 in the Ste. Genevieve County land records and being more particularly described as follows: Beginning at an iron pin on the West right-of-way line of Interstate Highway No. 55, said iron pin being on the line between aforesaid tract recorded in Book 114, Page 554 and a tract of land conveyed to Basler Farms Co. by deed recorded in Book 231, Page 13 in the Ste. Genevieve County land records; thence South 43 degrees 33 minutes 57 seconds West along the line between aforesaid two tracts a distance of 695. 70 feet to a point in the centerline of the Fourche a du Clos Creek, from which point a fence post bears North 43 degrees 33 minutes 57 seconds East a distance of 62.26 feet; thence North 24 degrees 23 minutes 54 seconds West along said centerline a distance of 380.52 feet to the point of intersection of said centerline with the centerline of a drainage ditch; thence North 4 7 degrees 19 minutes 04 seconds East along the centerline of said ditch a distance of 699.30 feet to the point of intersection of said centerline with aforesaid West right-of-way line of Interstate Highway No. 55, from which point an iron pin bears South 28 degrees 02 minutes 52 seconds East a distance of 6.00 feet; thence along and with said right-of-way line as follows: South 28 degrees 02 minutes 52 seconds East a distance of 126.43 feet to a right-of-way marker; South 00 degrees 11 minutes 33 seconds West a distance of 84.96 feet to a right-of-way marker; South 27 degrees 51 minutes 31 seconds East a distance of 135.72 feet to the point of beginning, containing 5.35 acres and subject to any easements, reservations or restrictions on record or now in effect.
>
> Commonly known as 8011 Enterprise Road, Bloomsdale, Missouri 63627.

11. A true and correct copy of the said Deed of Trust is marked as Exhibit 3 and is incorporated herein.

12. On or about February 9, 2015, Defendant, The Fausz Group Co., signed and delivered to Plaintiff a certain Note ("Second Note") payable in the principal amount of Three Hundred Fifty Thousand Dollars ($350,000.00).

13. A true and correct copy of the Second Note is attached hereto as Exhibit 4 and incorporated herein by reference.

3

14. On or about February 9, 2015, Defendant, The Fausz Group Co., signed and delivered to Plaintiff a second Commercial Security Agreement ("Second Security Agreement"), in which they granted a security interest in collateral described therein to Plaintiff.

15. A true and correct copy of the Second Security Agreement is attached hereto as Exhibit 5 and incorporated herein by reference.

16. Plaintiff's security interests, as granted in the First Security Agreement and Second Security Agreement, were perfected by filing UCC Financing Statements with the appropriate authorities in Missouri and Illinois.

17. True and correct copies of certain of these UCC Financing Statements and Amendments thereto are collectively marked as Exhibit 6 and are incorporated herein by reference.

18. On or about June 26, 2015, Defendant, The Fausz Group Co. d/b/a Bloomsdale Welding, signed and delivered to Plaintiff a certain promissory note ("Third Note") in the principal amount of $36,308.00.

19. A true and correct copy of the Third Note is marked as Exhibit 7 and is incorporated herein by reference.

20. On or about June 26, 2015, said Defendant signed and delivered to Plaintiff a certain Commercial Security Agreement ("Third Security Agreement"), under the terms of which said Defendant granted a security interest in collateral described therein to Plaintiff.

21. A true and correct copy of the Third Security Agreement is attached hereto as Exhibit 8 and incorporated herein by reference.

22. Plaintiff's security interests, as granted in the Third Security Agreement, were perfected by filing UCC Financing Statements with the appropriate authorities in Missouri.

23. A true and correct copy of the said UCC Financing Statement is marked as Exhibit 9 and is incorporated herein.

24. On or about July 8, 2016, Defendants signed and delivered to Plaintiff a certain Forbearance Agreement.

25. A true and correct copy of the said Forbearance Agreement is attached as Exhibit 10 and incorporated herein by reference.

26. The Forbearance Period provided by the said Forbearance Agreement has expired.

27. Defendants, The Fausz Group Co. and ARay, Inc., have defaulted in their obligations to Plaintiff under the First Note.

28. Defendant, The Fausz Group Co., has defaulted in its obligations to Plaintiff under the Second Note and Third Note.

29. On or about January 18, 2017, Plaintiff notified all Defendants that it had accelerated the remaining amounts due and owing under the Notes described above and demanded payment in full.

30. A true and correct copy of the notification and demand described above is attached as Exhibit 11 and incorporated herein by reference.

## COUNT I – FIRST NOTE

For Count I of its Complaint against ARay, Inc. and The Fausz Group Co., Plaintiff states as follows:

31. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

32. Despite Plaintiff's demand for payment in full, Defendants, ARay, Inc. and The Fausz Group Co., have failed and refused to make payment of their obligations under the First Note.

5

33.     As of January 18, 2017, the amount due and owing for principal and interest was $2,651,081.27, not including expenses and attorneys' fees.

34.     The First Note provided for payment of Plaintiff's attorneys' fees and costs in the event that Plaintiff engaged counsel to collect the amounts due under the Note.

35.     Plaintiff has found it necessary to engage counsel to pursue this case.

WHEREFORE, Plaintiff prays judgment under Count I against Defendants, ARay, Inc. and The Fausz Group Co., in the amount of $2,651,081.27 as of January 18, 2017, plus expenses, interest, attorneys' fees, and costs, and for such further relief as is just and proper.

## COUNT II – SECOND NOTE

For Count II of its Complaint against The Fausz Group Co., Plaintiff states as follows:

36.     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

37.     Despite Plaintiff's demand for payment in full, Defendant, The Fausz Group Co., has failed and refused to make payment of its obligations under the Second Note.

38.     As of January 18, 2017, the amount due and owing for principal and interest was $364,451.91, not including expenses and attorneys' fees.

39.     The Second Note provided for payment of Plaintiff's attorneys' fees and costs in the event that Plaintiff engaged counsel to collect the amounts due under the Note.

40.     Plaintiff has found it necessary to engage counsel to pursue this case.

WHEREFORE, Plaintiff prays judgment under Count II against Defendant, The Fausz Group Co., in the amount of $364,451.91 as of January 18, 2017, plus expenses, interest, attorneys' fees, and costs, and for such further relief as is just and proper.

## COUNT III –THIRD NOTE

For Count III of its Complaint against The Fausz Group Co., Plaintiff states as follows:

41. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

42. Despite Plaintiff's demand for payment in full, Defendant, The Fausz Group Co., has failed and refused to make payment of its obligations under the Third Note.

43. As of January 18, 2017, the amount due and owing for principal and interest was $32,856.60, not including expenses and attorneys' fees.

44. The Third Note provided for payment of Plaintiff's attorneys' fees and costs in the event that Plaintiff engaged counsel to collect the amounts due under the Note.

45. Plaintiff has found it necessary to engage counsel to pursue this case.

WHEREFORE, Plaintiff prays judgment under Count III against Defendant, The Fausz Group Co., in the amount of $32,856.60 as of January 18, 2017, plus expenses, interest, attorneys' fees, and costs, and for such further relief as is just and proper.

## COUNT IV - RECEIVERSHIP

For Count IV of its Complaint against Defendants, ARay, Inc. and The Fausz Group Co., pursuant to Rule 64 and Mo. Rev. Stat. § 515.500 et seq., Plaintiff seeks appointment of a General Receiver for each Defendant, and in support thereof states as follows:

46. Upon information and belief, Defendants are currently in possession of the real property described in the Deed of Trust mentioned above and the personal property listed in the First Security Agreement, Second Security Agreement, and Third Security Agreement.

47. Defendant, ARay, Inc., owns real property in the State of Illinois that is encumbered by mortgages in favor of Plaintiff.  Plaintiff does not seek to have the General Receiver take possession or control of said real property, because Plaintiff may utilize its foreclosure remedies in the courts located in Illinois for that purpose.

48. The First, Second, and Third Security Agreements described above grant to Plaintiff a security interest in substantially all personal property of the two Defendants.

49. A General Receiver is necessary pursuant to Mo. Rev. Stat. § 515.510 (Supp. 2016) to take possession of the said real property and all personal property owned by Defendants, for the reasons set forth hereinafter.

50. Defendants appear to have ceased doing business in the premises at 8011 Enterprise Road, Bloomsdale, Missouri. A gate to the roadway entrance to the premises has been closed and locked for four months or more, and no business activities have been observed at that location for the same period of time.

51. Pursuant to Mo. Rev. Stat. § 515.510.1, appointment of a General Receiver is appropriate in any of the following circumstances, among others:

> "(2) In an action in which the person seeking appointment of a receiver has a lien on or interest in property or its revenue-producing potential, and either:
>
> "(a) The appointment of a receiver with respect to the property or its revenue-producing potential is necessary to keep and preserve the property or its revenue-producing potential or to protect any business or business interest concerning the property or its revenue-producing potential; or
>
> "(b) The appointment of a receiver with respect to the property or its revenue-producing potential is provided for by a valid and enforceable contract or contract provision;
>
> \* \* \*

> "(12) Pursuant to the terms of a valid and enforceable contract or contract provision providing for the appointment of a receiver, other than pursuant to a contract or contract provision providing for the appointment of a receiver with respect to the primary residence of a debtor who is a natural person;
>
> \* \* \*
>
> "(14) To prevent irreparable injury to the person or persons requesting the appointment of a receiver with respect to the debtor's property.

52. Pursuant to section 2.2(b) of the Deed of Trust, upon any Event of Default, Defendant, ARay, Inc., agreed upon demand to surrender possession of the said real property to Plaintiff or to its agents, and pursuant to section 2.2(e) of said Deed of Trust, the said Defendant agreed that at any time after an Event of Default, Plaintiff shall be entitled as a matter of right to appointment of a Receiver, without notice and without regard to the solvency or insolvency of said Defendant and without regard to the value of the said property.

53. In addition, appointment of a Receiver as to such real property is necessary because it has been abandoned by Defendants, creating a risk of loss by waste, impairment, or other cause; proof of current casualty insurance protecting Plaintiff's interests as lienholder has not been provided to Plaintiff; and a Receiver is necessary to collect, preserve, and dispose of the said property.

54. Pursuant to the provisions of the First Security Agreement, Second Security Agreement, and Third Security Agreement, Defendants agreed that "Lender shall have the right . . . to have a receiver appointed to take possession of all or any part of the Collateral, with the power to protect and preserve the Collateral, to operate the Collateral preceding foreclosure or sale, and to collect the Rents from the Collateral . . . "  (See first full paragraph at top of page 4

of the First Security Agreement and paragraph entitled "Appoint Receiver" on page 3 of the Second Security Agreement and Third Security Agreement.)

55. On information and belief, Plaintiff states that certain tangible personal property of Defendants that serves as collateral for the obligations owed to Plaintiff is or should be located at 8011 Enterprise Road, Bloomsdale, Missouri. The tangible personal property located there is in danger of waste, impairment, or other loss because it has been abandoned by Defendants; proof of current casualty insurance protecting Plaintiff's interests as lienholder has not been provided to Plaintiff; and a Receiver is necessary to collect, preserve, and dispose of the said personal property.

56. Defendants may have been collecting accounts receivable and other intangible personal property that is encumbered by Plaintiff's security interests, but no part thereof has been paid over to Plaintiff. On information and belief, Defendants will continue to collect, use, and expend such encumbered intangibles and the proceeds thereof without paying any amount to Plaintiff.

57. The firm, ATEC, is ready and available to serve as General Receiver if the Court deems appropriate. ATEC is well-known in the St. Louis area for professional receivership and sales services, and it is eminently qualified to perform the duties of Receiver in this case.

58. Because of the risks to Plaintiff's Collateral described above, Plaintiff requests that the Court hear Plaintiff's motion for appointment of a General Receiver for property of ARay, Inc. located in Missouri and appointment of a General Receiver for The Fausz Group Co. at the earliest opportunity, consistent with the requirements of notice and this Court's calendar.

WHEREFORE, Plaintiff prays that this Court enter its Order –

A.  Appointing ATEC as General Receiver for ARay, Inc. to take possession of, protect, preserve, and if appropriate, sell (1) the real property at 8011 Enterprise Road, Bloomsdale, Missouri, and (2) all personal property of ARay, Inc., <u>provided, however,</u> that such receivership shall not include any authority or power in respect to real property owned by ARay, Inc., in the State of Illinois, including the rents, profits, and proceeds of such real property;

B.  Appointing ATEC as General Receiver for The Fausz Group Co. to take possession of, protect, preserve, and if appropriate, sell all real property and all personal property of The Fausz Group Co.;

C.  Providing that ATEC may serve as General Receiver without bond in view of the lack of business operations at the premises to be placed in ATEC's control and the insurance against casualty loss to be procured by the Receiver; and

D.  Providing for such other and further orders in respect to the receivership as the Court shall deem appropriate from time to time.

    /s/  James S. Cole_____
Michael K. Daming, MoBar # 52864
James S. Cole, MoBar #26787
WASINGER DAMING, P.C.
Magna Place, Suite 875
1401 S. Brentwood Boulevard
St. Louis, MO 63144
(314) 961-0400; (314) 961-2726 FAX

Attorneys for Plaintiff