UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| REGIONS BANK, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 1:17-cv-00027-JAR |
| THE FAUSZ GROUP CO., et al., | ) ) ) |
| Defendants. | ) ) ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Regions Bank's Motion for Appointment of a Receiver (Doc. 12), and Defendants The Fausz Group Co. ("Fausz Group") and Aray, Inc.'s ("Aray") Joint Motion to Set Aside Entry of Default and Motion for Leave to File a Responsive Pleading out of Time (Doc. 20). The issues are fully briefed and ready for disposition. For the following reasons, the Court will grant both motions.

### **Background**

On February 8, 2017, Regions Bank filed a complaint seeking judgment in its favor on three promissory notes ("the notes") on which it claims Defendants have defaulted, and appointment of a general receiver for Defendants and certain property belonging to Defendants (Doc. 1). The case was initially assigned to the Court's Eastern Division, and the Clerk of the Court issued summonses (Doc. 1). On February 9, 2017, the Court reassigned the case to its Southeastern Division, assigned it a new case number, and directed Regions Bank to amend its complaint to allege facts establishing the citizenship of each of the parties to the case (Docs. 4-5). On February 14, 2017, Regions Bank amended its complaint (Doc. 7). On February 16, 2017,

Regions Bank returned unexecuted the summonses which had been issued on February 8, 2017 (Doc. 9); and on February 17, 2017, the Clerk, at Regions Bank's request, issued new summonses to reflect the action's new case number and its reassignment to the Southeastern Division (Doc. 8). On March 28, 2017, Regions Bank served Defendants with the amended complaint and corrected summonses (Docs. 10-11). On April 11, 2017, Regions Bank filed a Motion to Appoint Receiver, arguing that the notes are in arrears, that it appears Defendants have abandoned property securing the notes, that the collateral is at risk of imminent loss, and that it is entitled to appointment of a receiver to take charge of the property in order to protect its collateral (Docs. 12-13). On April 19, 2017, Defendants had not answered or otherwise responded to the complaint, and Regions Bank sought an entry of default from the Clerk of the Court, which was granted on April 21, 2017 (Docs. 14-15). The case was then reassigned to the undersigned (Docs. 16-17).

On April 28, 2017, Defendants, through counsel, filed the instant motion to set aside the Clerk's entry of default and for leave to file its response out of time (Doc. 20-21). According to Defendants, Raymond and Annette Fausz ("the Fauszes") are full owners of Aray, part-owners of the property at issue in this case, and former owners of Fausz Group. The Fauszes claim that, in April 2016, they entered into an "Acquisition and Interim Operating Plan Agreement" ("the Agreement"), whereby William Turner, Jr. and others acquired full ownership of Fausz Group. According to the Fauszes, the Agreement provided that Mr. Turner, among others, would be obligated to indemnify and defend the Fauszes and Aray against claims with respect to Regions Bank and the notes. In Defendants' view, the parties anticipated that, under the Agreement, the Fauszes and their companies would be released from all debts, liens, and obligations they owed to Regions Bank (Doc. 21).

In support of their Motion, Defendants contend that, when they were served with the amended complaint, Mr. Fausz tendered the document to Mr. Turner, who assured him he would retain counsel to represent Defendants. Mr. Fausz claims that he first learned Mr. Turner had not secured counsel, as he had promised, when Mr. Fausz received an April 25, 2017 correspondence from the Court relating to the motion for appointment of a receiver. Defendants further argue that they have meritorious defenses to Plaintiff's claims, including whether certain disclosures and financial statements were properly prepared, examined, and disclosed before the Fauszes entered into the notes. Finally, Defendants argue that Regions Bank will not be prejudiced if the clerk's entry of default is set aside, as Regions Bank moved for clerk's entry of default one day after Defendants' responsive pleadings were due, Defendants promptly retained counsel upon learning counsel had not entered on their behalf, and no other pleadings have been filed in this case (Id.).

In response, Regions Bank argues that Defendants have not stated good cause for their failure to timely respond to its amended complaint (Doc. 24). More specifically, Regions Bank contends that Defendants were placed on notice of this lawsuit, no later than February 22, 2017, when Regions Bank served them with copies of the amended complaint, albeit with the original, incorrectly captioned summonses; that Defendants were again served with the amended complaint on March 28, 2017, when Regions Bank effectuated service with the corrected summonses; and that Defendants nevertheless failed to timely file a responsive pleading. Regions Bank also questions whether the purchase called for in the Agreement has closed, and whether the Fauszes retain responsibility for Defendants' activities. Regions Bank notes that the Fauszes are identified as the only officers and directors in Defendants' most recent biennial reports, filed in late 2016, or after the Agreement was signed; and that, on June 15, 2016, Mr. Fausz signed—as Defendants' president—an "Extension Agreement" with Regions Bank on

3

June 15, 2016. In Regions Bank's view, Mr. Fausz was intentionally derelict and grossly negligent by relying on Mr. Turner to retain counsel in this case. Regions Bank further argues that Defendants have not set forth any meritorious defenses, other than a denial of liability on the notes and the amounts allegedly due thereunder, and "standard catch-all" defenses. Regions Banks contends it will be prejudiced should the clerk's entry of default be set aside and Defendants actively resist its efforts to appoint a receiver, as the premises would be placed in further jeopardy (Id.).

In reply, Defendants assert that Mr. Fausz forwarded the amended complaint to Mr. Turner both times it was served upon him. They also allege that Mr. Fausz attempted to contact Regions Bank's counsel to discuss the matter, and sought unsuccessfully to negotiate a repayment plan (Doc. 25). Defendants reiterate their argument that they have meritorious defenses, again pointing to alleged failures in the preparation, examination, and disclosure of information relating to the notes and the value of the business they acquired though the notes. They further contend that Regions Bank will not be prejudiced by setting aside the entry of default, claiming that Mr. Fausz has complete control of the property, and that the property is fenced or gated and has been secured with chains and locks (Id.).

## **Discussion**

A district court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). When deciding whether there is good cause to set aside a default judgment, the Court must consider whether the conduct of the defaulting party was blameworthy or culpable; whether the defaulting party has a meritorious defense; and whether the other party would be prejudiced if the default were excused. Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 783-84 (8th Cir. 1998). In determining whether the defaulting party was blameworthy or culpable, courts look to

4

whether the party intentionally delayed the proceeding or disregarded deadlines, or whether the party failed to meet deadlines through mistake, carelessness, or inadvertence. Id. The Court is also mindful of the strong policy favoring judicial decisions on the merits rather than resolution of cases through default judgment. See United States v. Harre, 983 F.2d 128, 130 (8th Cir. 1993) ("Default judgments . . . are not favored by the law.").

Upon due consideration of the arguments of the parties, the Court will set aside the Clerk's entry of default. The Court finds that Defendants' conduct did not evidence intentional delay or disregard of the Court's deadlines. Johnson, 140 F.3d at 783-84. Rather, it appears that Defendants' failure to timely respond to Regions Bank's complaint was the result of Mr. Fausz's reliance on Mr. Turner's assurance that he would retain counsel for Defendants' in this case. Notably, Defendants promptly sought to correct this oversight once it was discovered. Id. It also appears that Defendants may have a meritorious defense to Plaintiff's claims, i.e., that the notes are not enforceable in light of alleged misrepresentations and/or failures in the preparation, examination, and disclosure of information relating to the notes and the value of the collateral securing them.

## Conclusion

Accordingly, for the aforementioned reasons and after a telephone conference with counsel,

**IT IS HEREBY ORDERED** that the Defendants' Motion to Set Aside Clerk's Entry of Default and for Leave to File Answer out of Time (Doc. 20) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of a Receiver (Doc. 12) is **GRANTED**. A receiver will be appointed by separate Order.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

Dated this 12th th day of May, 2017.